UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:
JAMES MCLELLAN,                                              CASE NO.: 04-32751-LMK

Debtor.                                                      CHAPTER 7
_____/

CLAUDIA M. LINDIG,

Plaintiff

v.                                                           ADVERSARY NO.: 05-03009-LMK

JAMES MCLELLAN,

Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** came before the Court upon the Defendant's Motion to Dismiss for Failure to State Claims Upon Which Relief Can Be Granted (Doc. 3) (the Motion). The Plaintiff filed her Complaint to determine the dischargeability of a debt under 11 U.S.C. §523(a)(5) and (a)(15) on March 4, 2005. The Defendant filed the instant Motion on March 28, 2005, in which he asks the Court to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action upon which relief can be granted.

The Defendant argues that the Court should dismiss the 523(a)(5) count because the Virginia divorce court characterized the obligations of the divorce decree as a property settlement rather than alimony, and thus 523(a)(5), which deals with support obligations, is inapplicable. The Defendant further asserts that the Court should dismiss the 523(a)(15) count because the Virginia state court (affirmed by the Virginia Court of Appeals) was without authority to order the Defendant's military disability pay divided under the original divorce decree, and thus the debt the Plaintiff is seeking to declare nondischargeable pursuant to 523(a)(15) should not be a debt at all. The Motion also asserts that the Plaintiff failed to properly plead pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure by failing to include in the Complaint a statement as to whether the proceedings are core or non-core.

The Court held a hearing on the Motion on May 26, 2005. During the hearing, the Court pointed out that the *Rooker-Feldman* doctrine appears to apply in the 523(a)(15) matter, in that the Court lacks jurisdiction to review the final judgments of a state court. Accordingly, the Court ordered the Plaintiff to submit a memorandum of law regarding his assertion that the *Rooker-Feldman* doctrine is inapplicable in this case.

After having reviewed the memorandum submitted by the Plaintiff and other authority, and after considering the argument of counsel and being otherwise advised in the premises, the Court finds that the Defendant's Motion to Dismiss is not well taken and should be denied. A bankruptcy court is not bound by a state court characterization of an obligation of a former spouse as being support rather than a property settlement, or vice versa. Further, while *Rooker-Feldman* does not preclude the Court from making determinations under bankruptcy law regarding the dischargeability of obligations under either 523(a)(5) or (a)(15), *Rooker-Feldman* does preclude the Court from declaring the final judgment of the Virginia court invalid. Therefore, the Complaint does state causes of action under both (a)(5) and (a)(15) that require further proceedings. Having conceded that she failed to plead according to Rule 7008, the Plaintiff will have leave to amend her Complaint to correct her omission. Accordingly, it is hereby

ORDERED AND ADJUDGED that

1. The Defendant's Motion to Dismiss is DENIED.
2. The Plaintiff is directed to amend her complaint within 10 days to conform to the requirements of Rule 7008.

DONE AND ORDERED in Tallahassee, Florida, on June __20th__, 2005.

_____
Lewis M. Killian Jr.
United States Bankruptcy Judge

cc: David E. Bailey, Jr., Esq.
Patrick L. Jackson, Esq.